Wagner *v.* The People.

———◆———

GEORGE WAGNER, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

The good character of a prisoner cannot avail against clear proof of guilt. It is only where doubt exists as to the commission of the crime, and the intent of the party, that good character will protect him.

An indictment charging the crime upon the " oath " of the jurors is sufficient. Although " oaths " is the proper word, using the singular, instead, is such a defect as, after verdict, will be cured by the statute.

The objection that the crime was not shown to have been committed in the county alleged in the indictment, cannot be taken for the first time upon a writ of error.

So as to the objection that the witnesses do not state the year in which the fatal injury was inflicted, to show that it produced death within a year and a day ; where there is sufficient evidence from which, if necessary, the jury could infer the killing to have been in the year alleged in the indictment.

ERROR to the New York general sessions to review a conviction for murder.

*By the Court,* INGRAHAM, J. This case was submitted to us by the district attorney on his brief. The points have been handed in for the prisoner since the adjournment,

and I have examined the case attentively, and have found no exceptions taken to the evidence, and only one to the charge. As to that exception, it is sufficient to say that the charge was in accordance with the decision of the Court of Appeals in the *People* v. *Clark*, and in various cases since in that court, and which have been uniformly followed here. There was no error made in that respect. In looking over the testimony, I see no reason to doubt the correctness of the verdict. The homicide was proved beyond a doubt, and there was no evidence that would have warranted a finding of insanity, unless we adopt the general proposition that every one who unlawfully takes the life of another is insane. There was testimony that when he came in he appeared to be excited, but no such excitement is shown after the deed was committed. The good character shown to belong to the prisoner cannot avail against clear proof of guilt. It is only where doubt exists as to the commission of the crime and the intent of the party, that good character will protect him. Some technical questions have been made by the prisoner's counsel, which remain to be noticed. First, that it does not appear that the grand jury who found the indictment had been sworn previous to their action. In the error-book it is said that it was done by the oath of Charles J. Leonington, foreman, Hector, Armstrong and others. The word oath should have been oaths, and is probably so in the original, and the body of the indictment states that the jurors upon their oath present. This is sufficient. After verdict, such a defect would be cured by the statute. The second objection is, that the witnesses do not state the place of the murder to have been in the city of New York. The testimony is, that the crime was committed at No. 519 Broome street. The answer to this objection is, that it should have been taken on the trial. From the course of examination on the trial, it is apparent that all parties acted on the admission that the murder was in the

Wagner *v*. The People.

city of New York.  Had the objection been made on the trial, it would have been answered at once by a single question to the witness.  It is too late now to seek to make such an objection available.  The same remark applies to the third objection, viz., that the witnesses do not state the year in which the injury was inflicted, to show that it produced death within a year and a day.  The indictment charges the offense to have been committed in July, 1865.  The year in which it occurred was not a subject of inquiry by the counsel for the prisoner.  There is, however, evidence from which, if necessary, the jury could infer the killing to be in 1865.  Krayer was asked by the prisoner's counsel when his relations with the witness ceased, prior to the homicide, to which he replied, the prisoner left his place in February, 1865.  It is not, however, at all material, where it is evident that the case was tried on the assumption that the death occurred during the year, and no objection is taken, and no inquiry made by the prisoner's counsel on the subject.  It is a well settled rule that a party cannot object to such defects of testimony, if no objection is taken on the trial, because if made then they would at once have been removed by an examination of the witness.  There is no good reason stated for interfering with the judgment, and we can see no error committed in the court below calling for a new trial.

Judgment affirmed.

[NEW YORK GENERAL TERM, February 19, 1866.  *Geo. G. Barnard, Clerke* and *Ingraham*, Justices.]